O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY EUGENE ASKEW,<br><br>                Petitioner,<br>     vs.<br>L. MONTGOMERY, Warden,<br><br>                Respondent. | Case No. CV 14-606-JAK (DTB)<br><br>ORDER DENYING APPLICATION FOR EXTENSION OF TIME TO FILE HABEAS PETITION AND SUMMARILY DISMISSING MATTER WITHOUT PREJUDICE |

     Petitioner is a California state prisoner who currently is incarcerated at Calipatria State Prison in Calipatria, California. He has sent a "Motion to Stay and Abey Petition" to the Court that has been processed as an application for an extension of time to file a federal petition for writ of habeas corpus. According to Petitioner, he seeks to "stay and abey the federal petition in anticipation of the respondent's [sic] argument of ineffective assistance of counsel, which is still pending in the state court." Petitioner also states that his habeas petition filed with the Superior Court was denied on December 2, 2013, and that he is in the process of filing a habeas petition with the California Court of Appeal.

     The timely filing of a federal habeas petition is not jurisdictional. Thus, equitable tolling applies when extraordinary circumstances, which are beyond a petitioner's control, precluded a timely filing. See Miles v. Prunty, 187 F.3d 1104,

1107 (9th Cir. 1999); Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997); overruled on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc). Here, the Court has concluded that Petitioner's application must be denied and this matter dismissed, without prejudice, for two principal reasons.

First, Petitioner is the only party before the Court. Thus, at present there is neither a case or controversy nor a specific dispute with another party for this Court to address. Petitioner's application instead seeks an advisory opinion with respect to whether his federal habeas petition will be time-barred if: (1) it is filed at some unspecified date in the future that may not be within the one-year limitation period set forth in 28 U.S.C. § 2244(d)(l); and (2) the State raises the time bar issue as a defense. Because this potential dispute has not yet arisen, it is not ripe for judicial determination. Thus, at the present time, there is no "case or controversy" as required for jurisdiction under Article III, Section 2 of the United States Constitution. See Corcoran v. Tilton, 2008 WL 816682 (C.D. Cal. Mar. 25, 2008); In re Brockett, 2006 WL 1329675 (N.D. Cal. May 15, 2006); Flores v. California, 2002 WL 1226853 (N.D. Cal. June 4, 2002); In re Burgess, 2001 WL 603609 (N.D. Cal. May 23, 2001); Smith v. State, 2007 WL 2398822 (N.D. Tex. Aug. 16, 2007); Wawak v. Johnson, 2001 WL 194974, adopted, 2001 WL 290526 (N.D. Tex. Feb. 22, 2001); see also United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until one is actually filed); United States v. Clarke, 1998 WL 91069, at *1 (D. Conn. Feb. 24, 1998) (denying request for extension of limitations period to file § 2255 motion); Application of Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997) (same).

Second, notwithstanding Petitioner's allegations, his application fails to demonstrate that: (1) he has been pursuing his rights diligently; and (2) some "extraordinary circumstances" beyond his control have precluded a timely filing of a federal habeas petition. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807,

1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

    For the foregoing reasons, Petitioner's application for an extension of time is denied. This matter is dismissed without prejudice to the action being re-filed should a case or controversy arise.

    A judgment implementing this Order shall be entered.

It is so Ordered.

DATED: February 21, 2014

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE